IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-20909
Summary Calendar
_____

ANNIE JOYCE DIAS,

                                        Plaintiff-Appellant,

versus

METHODIST HEALTH
CARE SYSTEM,

                                        Defendant-Appellee.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-98-CV-1893
--------------------
June 23, 2000

Before SMITH, BARKSDALE, and PARKER, Circuit Judges.

PER CURIAM:[*]

    Annie Joyce Dias appeals the district court's grant of the
defendant's motion for summary judgment in this Family and
Medical Leave Act (FMLA) case.  She first argues that the
district court erred in finding that she had not provided
adequate notice to her employer of her need for unforeseen leave.
The district court did not so err.  Dias failed to impart to her
employer, as soon as practicable under the circumstances,
information sufficient to reasonably apprise it of her need for

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

time off due to her son's allegedly serious health condition.
See Satterfield v. Wal-Mart Stores, Inc., 135 F.3d 973, 980 (5th
Cir. 1998); Manuel v. Westlake Polymers Corp. 66 F.3d 758, 761-
62, 764 (5th Cir. 1995); 29 CFR § 825.303.

Dias also argues that Methodist should be estopped from
claiming inadequate notice because it failed to provide
instructions on what was expected of employees in cases of
unforeseen leave.  This issue has already been decided adversely
to Dias.  See Satterfield, 135 F.3d at 983.  Dias' final argument
is that sickle cell anemia is a serious health condition under
the FMLA.  Because this issue has no bearing on the threshold
issue of notice, the district court did not err in denying as
moot Dias' motion for partial summary judgment.  Because Dias has
failed to show that the district court erred in granting the
defendant's motion for summary judgment, the judgment of that
court is AFFIRMED.